## C. E. (ELDER) STEPHENS V. THE STATE.

No. 17137. Delivered February 6, 1935.
State's Rehearing Denied April 3, 1935.

312

The opinion states the case.

*Ramey A. Smith,* of Sulphur Springs, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of rape on a female under the age of 18 years, and his punishment was assessed at confinement in the State penitentiary for a term of 15 years.

The record shows that on or about the 5th day of January, 1934, the injured female gave birth to a child at the hospital in the city of Paris, Texas, to which place she had been taken by her father and the appellant on the 23rd day of December, 1933. At the trial the injured female testified that the appellant was the father of her child. The appellant did not testify in his own behalf but introduced a number of witnesses who testified to his good reputation as a law abiding citizen.

There are a number of bills of exception in the record complaining of various errors alleged to have been committed by the trial court. To discuss all of them would unnecessarily extend this opinion and therefore we shall confine ourselves to such only as we deem material to a disposition of the case.

By bill of exception No. 9 the appellant complains of the action of the trial court in permitting the district attorney to prove by the prosecuting witness that on the 9th day of January, 1934, she wrote a letter which she placed in an envelope addressed to appellant and handed it to her nurse with the re-

quest that she mail it and which letter reads as follows, to-wit: "January 9, 1934, Paris, Texas. Dear old friend: I drop you to let you no I get along fine. Come at once to me sweetheart. It been so lonesome to me. I look for you very day. I been at my boss or at T. F. Darling come by Monday if you can. I wont get away as soon as I can and staw. We never come back any more, So good by by kiss kiss from your old friend. Paris, Texas, Susian."

The envelope with an uncancelled stamp on it bears the following: "Lamar Hospital, Paris, Texas. Mr. C. E. Stephens, Como, Texas, Route 3." The appellant objected to the introduction of said letter as evidence because it did not connect him with the offense, that it was not mailed, that the defendant did not receive it, that he did not have any knowledge thereof or ever acted thereon, and that it was clearly hearsay, which objection was by the court overruled. The court qualified said bill of exception as follows: "Counsel for defendant had elicited testimony from the prosecutrix to the effect that she had made the statement that Bill Simmons was responsible for her condition and had elicited from other witnesses that Thelba Banks had had opportunity for sexual intercourse with her and that father of prosecutrix and his wife had agreed to lay the responsibility of her condition on a person other than defendant, and this letter was admitted for the purpose of assisting the jury in reconciling conflicting statements."

It is our opinion that notwithstanding the court's qualification to the bill of exception the letter was not admissible as a circumstance of guilt against the appellant or that it tended to explain or reconcile any conflict in the testimony. The letter was the act and declaration of prosecutrix. It was shown that it was not received by the appellant and was not acted upon by him. In fact, he had no knowledge of it and therefore it was clearly hearsay. Letters addressed to an individual and shown not to have been received by him would not authorize an inference of assent to the statements contained therein and would not be admissible against him because it was not only hearsay but was also an ex parte, unsworn statement. It is our opinion that under the facts shown here this letter should not have been admitted in evidence for any purpose, and in support of the views herein expressed we refer to the case of Terrell v. State, 228 S. W., 240, and authorities there cited; Dawson v. State, 38 Texas Crim. Rep., 9.

By bills of exception Nos. 15, 16, 17, 18, 19, 21, 22, and 23 the appellant complains of the action of the trial court in per-

mitting the district attorney on cross examination of appellant's witness, who had testified that his reputation as a law abiding citizen was good prior to the time that he was charged with the offense of which he was on trial, to ask said witness: "Would you undertake to tell the jury that since the rape charge has been filed against him, that his reputation down in the community in which he now resides is good, would you?" to which the witness answered, "No," and similar questions were asked of all of said witnesses for the appellant and the witnesses were confined in their answers to a discussion of the appellant's reputation from the filing of the charge against him for which he was on trial. We believe that the appellant's contention should be sustained. It is true that when he filed an application for a suspension of sentence in case of conviction that he put his reputation in issue up to the time of trial, but the fact that he was indicted in the case on trial and that by reason of said charge alone his reputation at the time of his trial was bad should not be provable when such reputation is based solely on the discussion of the alleged offense for which he is on trial. In all criminal cases the defendant is presumed to be innocent and the indictment against him should not be used to destroy that presumption of law nor can the indictment be appropriated by the jury as any evidence of guilt, neither should the same be used to impugn his good reputation which he has established by many years of good conduct and obedience to the law. If it were otherwise, it would give weight to a presumption against him arising entirely out of the charge contained in the indictment for which he is being tried. If the discussion of the charge contained in the indictment could be used as a basis for showing that a man's reputation as a law abiding citizen was bad, then no man who was on trial could successfully show a good reputation as a law abiding citizen. If subsequent to the return of an indictment against a defendant there arose a discussion of his reputation based on matters other than the present indictment, proof of such general reputation might not be inhibited, but this should be made clear in the court's charge.

By bill of exception No. 27 the appellant complains of the action of the trial court in permitting the district attorney to ask Will James, the father of prosecutrix, the following: "I will ask you if it is not a fact that after all this came up if it wasn't an agreement between you and your wife to have her swear Bill Simmons was responsible for her condition," to which question and answer thereto the appellant objected because the same was highly prejudicial, inflammatory and not

binding upon defendant and was hearsay, which objections the court overruled, whereupon the district attorney propounded the following question: "Was it talked about in the family about who she was to lay it on and wasn't it done to protect Elder Stephens," to which question the appellant objected for like reasons, which was overruled by the court, and the witness answered, "Yes, sir." The court in his qualification to said bill states that substantially the same testimony was admitted in evidence on direct examination of prosecutrix without objection on the part of the appellant and no request was made to exclude said testimony from the consideration of the jury. The bill of exception as thus qualified fails to reflect any error.

By bill of exception No. 28 the appellant complains of the action of the trial court in permitting the district attorney on cross examination of Mrs. Will James to propound to her the following question: "You wouldn't think about your own father desecrating the sacred precincts of your home and debauching that child, would you?" to which the appellant objected because the same was prejudicial and inflammatory, which objection was by the court overruled and the witness answered, "No, sir." The court qualifies said bill of exception as follows: "This testimony was admitted after it had been shown by defendant's counsel that defendant, who was 60 years of age, and prosecutrix, who was only past 15 years of age at the time of the alleged offense, were permitted to remain together alone in the home of Mrs. James, were permitted to go to the barn together alone, and were permitted to pick cotton together alone in the field; that no request was made to exclude this testimony from the consideration of the jury." We are of the opinion that this question and the answer thereto should not have been permitted because the answer necessarily called for an expression of an opinion of the witness as to what she thought her father would or would not do. However, we do not believe that this alone would justify a reversal of this case.

Inasmuch as the other matters complained of may not arise again upon another trial, we deem it unnecessary to discuss the same.

For the errors hereinabove pointed out, the judgment of the trial court is reversed and the cause is remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

316

MORROW, PRESIDING JUDGE.—State's counsel contends that there was error committed in reversing the case. He bases his assertion upon the fact, expressed by him, that the testimony describing the letter bearing date January 9, 1934, as set out in the original opinion, was properly received as corroboration of the prosecutrix; that such corroboration was rendered admissible by the admission of the prosecutrix in her testimony that she had previously implicated another person besides appellant. Counsel for the State refers to the annotations in Branch's Ann. Tex. P. C., sec. 91. Our examination of the precedents mentioned fails to convince us of the soundness of the State's contention. An examination of other decisions of this court seems to fortify the position of the appellant in the present appeal. Notable examples are Purvis v. State, 104 Texas Crim. Rep., 408; Terrell v. State, 88 Texas Crim. Rep., 599. In the syllabus of the latter case it is said: "Letters written by the person injured or by a third person, addressed to the accused and received by him, but never answered or acted on by him, are not admissible against him unless they are a part of the *res gestae*."

Testimony similar to that for which the State contends in the present instance was likewise rejected in the opinion of Judge Hawkins in the Purvis case, supra.

Upon the record and our understanding of the controlling precedents, the State's motion for rehearing is overruled.

*Overruled.*