BILL DIGGS V. THE STATE.

No. 17701. Delivered November 20, 1935.

The opinion states the case.

*McKinney & Berry*, of Cooper, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for fifteen years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Pete Lowery by shooting him with a gun.

According to the version of the State, appellant accused deceased of having theretofore taken six dollars from his possession. Deceased denied the accusation, and appellant shot and killed him. Appellant testified that deceased cursed him and was attacking him with a piece of concrete when he shot him.

Several bills of exception relate to the action of the trial judge in permitting the State to elicit from appellant's character witnesses testimony to the effect that, in the light of he facts surrounding the homicide, appellant's general reputation as a peaceable and law-abiding citizen was not good at the time of the trial. Appellant had filed an application for a suspended sentence, and had brought forward many witnesses who testified that his general reputation in the respect mentioned was good. Other than in the cross-examination of appellant's witnesses, the State made no effort to attribute to appellant a bad reputation. Illustrating the questions propounded to the witnesses by the district attorney on their cross-examination, we quote from bill of exception No. 22, as follows: "You heard about the shooting and killing of Pete Lowery (deceased) didn't you, in December, 1934?" Answer: "Yes, I heard of it." Question: "Would you say after hearing that

that he still has a good reputation for being a peaceable and law-abiding citizen?" Answer: "Not then, no, sir." Another of the character witnesses was asked on cross-examination, as shown in bill of exception No. 34, if he knew appellant's general reputation as a peaceable and law-abiding citizen after the killing of Pete Lowery. The witness answered, over appellant's proper objection: "Well, it is a hard question. His reputation could have a blur on it after that happened would be my judgment." In bill of exception 36 it is shown that the witness was required to answer that he would not say that appellant had a good reputation as a peaceable and law-abiding citizen after he had heard that he had killed the deceased. The point involved is ruled by Stephens v. State, 80 S. W. (2d) 980, from which we quote as follows: "It is true that, when he filed an application for a suspension of sentence in case of conviction, he put his reputation in issue up to the time of trial, but the fact that he was indicted in the case on trial and that by reason of said charge alone his reputation at the time of his trial was bad, should not be provable when such reputation is based solely on the discussion of the alleged offense for which he is on trial. In all criminal cases the defendant is presumed to be innocent, and the indictment against him should not be used to destroy that presumption of law, nor can the indictment be appropriated by the jury as any evidence of guilt; neither should the same be used to impugn his good reputation which he has established by many years of good conduct and obedience to the law. If it were otherwise, it would give weight to a presumption against him arising entirely out of the charge contained in the indictment for which he is being tried. If the discussion of the charge contained in the indictment could be used as a basis for showing that a man's reputation as a law-abiding citizen was bad, then no man who was on trial could successfully show a good reputation as a law-abiding citizen. If subsequent to the return of an indictment against a defendant there arose a discussion of his reputation based on matters other than the present indictment, proof of such general reputation might not be inhibited, but this should be made clear in the court's charge."

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.