JOHN RAYMOND YANCY V. THE STATE.

No. 23474. Delivered November 6, 1946.

The opinion states the case.

*C. O. McMillan,* of Stephenville, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of robbery and given a penalty of five years.

He was charged with taking from the person of James A. Rice without his consent $70.00 in money, etc.

There were but two witnesses used in this trial. Mr. Rice, an old man 73 years of age and crippled, was sitting in his home by himself, he living with his son and daughter-in-law, on January 8, 1946. While thus alone, he heard some noise as of some one "tipping along on the floor." Two men came into his room to his back. They threw a quilt over his head, one man held his hands, and the other took his pocketbook out of his pocket which contained about $70.00 without his consent, one of the robbers saying, "Better be quiet; it will be the best thing for you." Rice testified: "They just got my money because they took it away from me by force."

Deputy Sheriff Robert George testified that on the day of this alleged robbery, he was informed thereof, and found two sets of fresh tracks leading to where Mr. Rice lived, and two sets of tracks leading away therefrom; that he traced the same to the Hico Bridge, and thereafter, at Hico, he arrested appellant who, after being warned, made a statement to the District Attorney and signed the same, which statement was introduced in evidence, no objection thereto appearing in the record. In this signed statement appellant admitted that he and one, W. R. Young, formed the design to rob Mr. Rice, and executed such design in the manner described by Rice; that appellant ran his hand in Rice's pocket and took his pocketbook; that he and Young divided the money and spent some of it for shoes at Hico.

Appellant offered no testimony and has but one bill of exceptions in the record. It is insisted, however, that a confession, standing alone, is not sufficient to establish the corpus delicti. With this proposition we do not disagree, but when an unlawful act is shown to have been committed, an accused's confession that he was the person who committed such act, the quantum of proof is present. It has been said in Sullivan v. State, 40 Tex. Cr. R. 639, 51 S. W. 375: "It is well settled that the confession of the accused alone will not justify a conviction. This question has been frequently decided by various decisions in this State; but, so far as we are aware, it is settled that, the death of the deceased being shown to have been brought about by the criminal agency or procurement of some one, the confession is sufficient to connect the party making the confession with the crime."

In the present case, the corpus delicti is the fact of the robbery of Mr. Rice, and under the decisions, we think appellant's confession is sufficient to connect him therewith. We find no denial in the record of the confession, or any attack thereon of any kind, not even any cross-examination of the witness relative to the warning which was proven to have been given, and no bill of exceptions to its introduction. There is but one bill of exceptions, and it relates to the failure to give in the charge to the jury an instruction stating in substance that a confession alone is not sufficient to authorize the jury to return a verdict of guilty in this case, and the trial court failed to so instruct the jury; also that before they can return a verdict of guilty, they must find that the confession is true. The trial court instructed the jury that unless they found beyond a reasonable doubt that appellant took $70.00 from the said James Rice without his consent, etc., to find him not guilty. There was no con-

troversy offered before the jury relative to this confession, no denial, and no charge requested other than the one above mentioned. Under the circumstances, we see no reason to charge upon the confession nor its verity, it becoming a question alone as to appellant's guilt, which was clearly shown herein.

We think this cause to be free from error, and the judgment is therefore affirmed.