WILLIAM LOONEY ELLIOTT V. STATE.

No. 30,694. May 20, 1959.

*Harry W. Flentge,* Gatesville, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is rape; the punishment, 30 years.

Prosecutrix, a married woman who lived on the grounds of the State School for Boys and whose husband was employed at such institution, testified that on the day charged in the indictment the appellant, an inmate at said school, knocked on her door and told her that he had a note from her husband, and when she opened the door to receive the note which he held in his hand he forced his way into her home. She stated that she started running toward the back door but that the appellant caught her, choked her, threatened her life and that of her baby, told her that he was a murderer, forced her on the floor, and had intercourse with her against her will and in spite of all the resistance of which she was capable. After the intercourse, the appellant took what money she had and left, and she immediately went to the home of her neighbor, where she reported the attack, and her husband was called.

The neighbor and her husband corroborated the outcry and described prosecutrix' condition.

Appellant's confession was introduced in evidence.

Appellant did not testify, but called his mother and several of the employees of the State School for Boys, some of whom testified that the appellant was feeble minded and in their opinion did not know the difference between right and wrong. There was evidence to the contrary.

We find the evidence sufficient to support this conviction and shall discuss the contentions advanced by appellant's counsel.

He first contends that the court erred in failing to sustain his plea to the jurisdiction of the court based upon the following facts: The rape occurred on April 30; the grand jury for the county met in June and took no action against the appellant; the appellant became seventeen years of age on August 4; the next grand jury which convened for the county met the following January and returned this indictment. Appellant remained in the Gatesville State School for Boys from the time of the commission of the offense until the return of the indictment.

This question has been before this court on many occasions, as will be seen from 48 A.L.R. 2d 663, 696. Appellant cites no authority, nor are we aware of any, which supports his contention that the court had no jurisdiction.

The last time this court passed upon this question was in Peterson v. State, 156 Texas Cr. Rep. 105, 235 S.W. 2d 138. The length of time elapsing from the date of the offense until the accused became 17 years of age does not appear in the opinion, nor does it appear in Dearing v. State, 151 Texas Cr. Rep. 6, 204 S.W. 2d 983, upon which the decision in Peterson is based. But it is readily apparent from a perusal of the above authorities that this court is committed to the rule as expressed by Judge Hawkins in Watson v. State, 90 Texas Cr. Rep. 576, 237 S.W. 298, as follows:

"We would be unwilling to give our approval to a course of delay for the sole purpose of depriving an accused of his privilege under the juvenile law, yet where the facts show him to have been more than 17 when tried, we would hesitate to give our unqualified assent to the broad proposition that the prosecution should be dismissed if continuance was brought about by the state until such time as accused became more than 17 years of age."

We here hold that this was not an unreasonable time in calling the accused to account for the crime which he committed, and such is a question of law and not of fact to be submitted to the jury.

Appellant contends that the court erred in not giving his requested charge No. 2 which would have told the jury that they might not convict upon the appellant's confession alone. Since there was ample evidence aside from the confession, such an instruction is not required. Smith v. State, 157 Texas Cr. Rep. 21, 246 S.W. 2d 187.

Appellant next contends that the court erred in not giving his requested charge to the effect that they must believe that the confession was voluntarily made before they could consider it. The confession when offered was not objected to on the ground that it had been given involuntarily, nor is there any evidence to that effect. Where this is true, no such charge is required. Yancy v. State, 149 Texas Cr. Rep. 566, 197 S.W. 2d 361.

Complaint is made that the court failed to instruct the jury to find the appellant not guilty if it found that the prosecutrix consented to the act of intercourse or led the appellant to believe that she did so. There is no evidence in the record to support the giving of such a charge.

Appellant next contends that the court erred in his charge wherein he submitted the defense of insanity. The court first told the jury that if they found the appellant committed the act charged against him but found that at such time he was insane to acquit. He then instructed the jury that on the other hand if it found him sane, beyond a reasonable doubt, it should find him guilty. The latter was the converse of the former and did not constitute a charge requiring the accused to establish his insanity beyond a reasonable doubt. We find no error in the charge as given. Lester v. State, 69 Texas Cr. Rep. 426, 154 S.W. 554.

Finding no reversible error, the judgment of the trial court is affirmed.