Rodney Gene BROADWAY, Appellant,

v.

The STATE of Texas, Appellee.

No. 40496.

Court of Criminal Appeals of Texas.

July 12, 1967.

Rehearing Denied Oct. 11, 1967.

John B. McClane, Ardell M. Young, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., Charles D. Butts, R. J. Adcock, and Roger W. Crampton, Asst. Dist. Attys., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

The offense is rape; the punishment, life.

The indictment charged that on or about the 13th day of January, 1966, the appellant did ravish and obtain carnal knowledge of the prosecutrix by force and threats and without her consent.

The record reflects that on the date alleged in the indictment (January 13, 1966) appellant, having been born on August 14, 1949, was sixteen years of age. Following his arrest, a complaint was filed against appellant in the Juvenile Court of Tarrant County. Thereafter, the Juvenile Court certified appellant to the Criminal District Court No. 2 of Tarrant County for proper criminal proceedings, as provided by Sec. 6 of Art. 2338–1, Vernon's Ann.Civ.St.

On April 19, 1966, the indictment charging appellant with the offense was returned into the Criminal District Court No. 2. On April 22, 1966, the cause was transferred to the Criminal District Court No. 3 of Tarrant County.

On October 25, 1966, appellant was tried and convicted in said court. Trial was under the alternate procedure provided by Art. 37.07–2 of the 1965 Code. Notice was given by the state that it would not seek the death penalty in view of appellant's age and the provisions of Art. 31, Vernon's Ann.P.C. Upon return of the jury's verdict of guilty, appellant elected to have the same jury assess the punishment.

At the trial on the issue of appellant's guilt or innocence, the prosecutrix, a thirty-seven-year-old housewife, testified that in the early morning hours of January 13, 1966, she took her husband to work. She was dressed in her nightgown and wearing a heavy coat for warmth. As she was driving on the freeway, returning to her home, she noticed a car that appeared to be following her. When she arrived home around 3:45 a.m. and had just gotten out of her car, appellant jumped out of the other car, ran to her, and struck her on the back of the head, stunning her. Appellant then hit her two or three times in the chest, threw her in the back seat of the car he was in and sat down on her. Then, with his fist drawn back, appellant said to her repeatedly: "if you scream I will kill you." Another man in the car then started the car and drove away. After the car started, appellant pulled the prosecutrix's gown up and performed an oral act of sodomy upon her. The car then stopped and the other

man got in the back seat and committed an act of oral sodomy upon her. Appellant then drove the car to a place in the woods and stopped. His male companion then had an act of sexual intercourse with the prosecutrix. Then appellant had an act of sexual intercourse with her. Appellant and his companion then tried to force the prosecutrix to perform an unnatural sex act with them. She refused, and appellant's companion then had another act of sexual intercourse with her just as it was getting daylight. The acts of sexual intercourse were without her consent.

The prosecutrix then told appellant and his companion that she would not call the police if they would take her home. They then took her to within a short distance of her home and let her out of the car. As she got out of the car the prosecutrix told appellant's companion that she was glad he did not hurt her "any worse than you did," to which he replied: "Oh, we don't ever hurt them."

After arriving home the prosecutrix called her husband, who came home and was told what happened. The police were called and prosecutrix was taken to a hospital, where the doctor's examination showed that she had engaged in a recent act of sexual intercourse.

Appellant did not testify but offered testimony in support of his defense of insanity. Evidence was also presented by the state on the issue.

The jury, in its verdict, found appellant sane at the time of commission of the offense, sane at the time of trial, and guilty of rape by force and threats, as charged in the indictment.

Seven grounds of error are urged by appellant in his brief filed in the trial court.

In his first two grounds of error he insists that the evidence is insufficient to support the conviction and that the punishment is excessive.

It is insisted that the evidence is insufficient to sustain the conviction for rape by force and threats because the prosecutrix did not testify that she actually resisted appellant's acts and that she was placed in fear of death or bodily injury as a result of the threats made by him. It is also insisted that the evidence is insufficient because there was no proof of injury to the prosecutrix.

We have carefully reviewed the record in light of such contention, and find no merit therein.

The prosecutrix testified that she did not consent to the acts of intercourse and that appellant threatened to kill her if she did not submit to his acts. She swore positively that she thought appellant and his companion were going to kill her. In explaining her non-consent, she stated:

"Well, I didn't consent. It was just that I didn't dare try to get out because they would have killed me. I know that * * *."

In determining the sufficiency of force used, the jury can take into consideration threats made by an accused at the time of commission of the offense. Vanderpool v. State, 155 Tex.Cr.R. 318, 234 S.W.2d 879.

The force used by appellant and his companion, under the circumstances, was such as might be reasonably supposed to overcome resistance by the prosecutrix, as required by Art. 1184, V.A.P.C.

The threats were also, under the facts and circumstances, such as might reasonably create a just fear of death or bodily harm to the prosecutrix, as required by Art. 1185, V.A.P.C.

The punishment fixed by the jury is within the limits prescribed by law for the offense, and it is not within the province of this court to pass upon the propriety thereof. Garcia v. State, 166 Tex.

Cr.R. 482, 316 S.W.2d 734; Gonzales v. State, Tex.Cr.App., 386 S.W.2d 139.

The grounds of error are overruled.

In his grounds of error Nos. 3 to 7, appellant insists that the court erred in permitting Officers Barron and Glass to testify, at the hearing on the issue of punishment, that his general reputation for being a peaceable and law-abiding citizen was bad —over the objection that such testimony was inadmissible under the provisions of Art. 2338–1, supra. In the alternative, it is insisted that such testimony should have been limited to the period of time prior to the offense alleged in the indictment.

Appellant first contends that the evidence of his general reputation while a juvenile was inadmissible by virtue of the provisions of Art. 2338–1, Sec. 13, which reads, in part, as follows:

"No adjudication upon the status of any child in the jurisdiction of the Juvenile Court shall operate to impose any of the civil disabilities ordinarily imposed by conviction, nor shall any child be deemed a criminal by reason of such adjudication, nor shall such adjudication be deemed a conviction, nor shall any child be charged with or convicted of a crime in any court except as provided in Section 6 of this Act as amended by Section 3 hereof. The disposition of a child or any evidence given in the court shall not be admissible as evidence against the child in any case or proceeding in any court other than the Juvenile Court, except as provided in Section 6 of this Act as amended by Section 3 hereof, nor shall such disposition or evidence operate to disqualify a child in any further civil service examination, appointment or application."

In support of his contention, appellant points out that in the enactment of Art. 2338–1, supra, by the 48th Legislature, in 1943, the statute repealed certain existing statutes, including Art. 1092 of the 1925

Code of Criminal Procedure, which read, in part, as follows:

"A disposition of any delinquent child under this law or any evidence given in such case, shall not, in any civil, criminal, or other cause or proceeding whatever, in any court, be lawful or proper evidence against any child for any purpose whatever, except in subsequent cases against the same child under this law."

Cases decided under said Art. 1092, supra, which held that no reference could be made to prior juvenile proceedings for the purpose of impeachment are cited by appellant.

We do not agree that the provisions of Art. 2338–1, Sec. 13, prohibit proof of the child's general reputation for being a peaceable and law-abiding citizen upon a trial of the child as an adult after being certified for proper criminal proceeding in another court, as provided by Sec. 6 of the Act.

Art. 2338–1, supra, Sec. 6, which provides that a juvenile court may, in its discretion, certify a child sixteen (16) years of age or older—charged with an offense which would be a felony if committed by an adult—to any court which would have jurisdiction of the offense, concludes with the following language:

"If the Grand Jury returns an indictment, the child shall be subject to the penal laws of this State and tried in accordance with the Penal Code and Code of Criminal Procedure as if the child were an adult."

Art. 37.07, subd. 2, providing for the alternate procedure in determining guilt or innocence and punishment in a felony case less than capital or in a capital case where the state has made it known that it would not seek the death penalty, reads, in part, as follows:

"Regardless of whether the punishment be assessed by the judge or the jury, evidence may be offered by the State and

the defendant as to the prior criminal record of the defendant, his general reputation and his character."

◼ We hold that in the instant case the state was properly permitted to offer testimony as to appellant's bad reputation up to and including the date of trial.

Under the provisions of Art. 37.07, the jury was authorized to consider appellant's general reputation in fixing the punishment.

The cases cited by appellant which were decided under the 1925 Code of Criminal Procedure, holding that—subject to certain exceptions—the state could only inquire into the accused's reputation up to the time of the commission of the offense, are not controlling and applicable to a separate trial on the question of punishment, under Art. 37.07–2 of the 1965 Code. Our conclusion is not in conflict with the court's holding in The City of Houston v. Watson, 376 S.W.2d 23 (Tex. Civ.App., wr. ref., n.r.e.), cited by appellant, that testimony in a personal-injury civil suit as to the credibility and delinquency of a minor child was inadmissible as a matter of law, under Sec. 13 of Art. 2338–1, supra.

The grounds of error are overruled.

The judgment is affirmed.

CONCURRING OPINION

MORRISON, Judge.

I agree with Judge DICE's opinion entirely, except that one of the cases cited by appellant's counsel on the last point discussed is Stephens v. State, 128 Tex.Cr.R. 311, 80 S.W.2d 980, which still represents a correct statement of law, and the bench and bar should not be mislead by any statement which would indicate that it is no longer applicable.