Leroy MARTIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 42507.

Court of Criminal Appeals of Texas.

Jan. 21, 1970.

**258**

Dalton C. Gandy, Fort Worth (court appointed), for appellant.

Frank Coffey, Dist. Atty., Truman Power, Ronald W. Quillin, George McManus and Roger W. Crampton, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is robbery by assault; the punishment, 15 years.

Shortly after midnight on Saturday, February 10, 1968, T. E. Pilcher, a cab driver, discharged a passenger at the intersection of Exchange and North Main in the City of Fort Worth and a new fare, Johnny Shaw, entered his cab. At this point appellant and his companion Benson approached Pilcher requesting he take them to Eagle Mountain and insisting they would first ride to Shaw's destination. They then got in the back seat of the cab. At Shaw's house Pilcher left the cab to collect the fare from Shaw's wife. When he returned appellant gave him directions as to a short route to Eagle Mountain. After traveling a while Pilcher stopped the cab, turned and conversed with the two men and collected his fare from them before proceeding. Following directions, Pilcher drove to Marine Lake Dam where appellant told him to stop. Benson left the cab to urinate and at this point the appellant placed a knife to Pilcher's neck and both men then took approximately $80.00 from Pilcher. They subsequently put Pilcher out of the cab and drove off. Pilcher was able to hail a passing motorist who took him to a parked patrol car where he reported the robbery and gave a description of his assailants. He described the appellant as being a "white-male, thirty, five foot, ten inches, 165 pounds, sandy hair, wearing a light brown sport coat and carrying a knife."

Appellant initially contends the trial court erred in permitting, over objection, the complaining witness to make an in-court identification of him since such testimony was tainted by an illegal lineup. He relies upon United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149; Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178.

When the objection was interposed, the court followed the recommended procedure in Martinez v. State, Tex.Cr.App., 437 S.W.2d 842, and conducted a hearing in the absence of the jury to determine the admissibility of such in-court identification.

The record reflects that appellant was arrested on Sunday, February 11, 1968, for a traffic offense and since he fit the description of the alleged robber he was detained. At such time he was given the Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, warnings.

The following morning, February 12, 1968, shortly after 8 a. m., he was placed in a lineup after he was given the Miranda warnings a second time. His response was "I've got nothing to lose. Let's get it on."

At such lineup, conducted in the absence of counsel, the appellant was quickly identified by the complaining witness Pilcher.

Pilcher related that he had an adequate opportunity to observe the appellant prior to and during the robbery; that he had first seen appellant in the nearby street light as the appellant approached his cab; that the dome light in his cab was in working order and the door was opened several times while the appellant was in the cab; that it was "a light night" and he could easily observe the appellant and his companion.

He further related that he went to the lineup on Monday morning, February 12, and identified the appellant without any hesitation. No suggestions were made to him by the police and he was not shown any photographs. He stated his in-court identification would be based only upon the occurrences at the time of the robbery.

His testimony as to the conduct of the lineup was corroborated by Officers Sommers and Whistler who testified appellant never requested counsel.

Appellant, testifying at such hearing, claimed he requested an attorney at the time of the lineup and was told he would get one later. He related he was placed in two lineups on February 12, and that the person viewing the morning lineup was unable to identify him, but he heard an officer suggesting such person identify him and that the officer would see that the identification "stood up" in court.

At the conclusion of the hearing the cautious court held that in view of the question about whether the appellant was informed of his right to counsel at the lineup itself as opposed to questioning or interrogation and the lack of sufficient evidence of an affirmative waiver of counsel, the State would not be permitted to make any reference to the lineup identification even though the lineup itself was unsuggestive.

Using the test set forth in Wong Sun v. United States, 371 U.S. 471, 488, 83 S.Ct. 407, 417, 9 L.Ed.2d 441, 445,[1] and adopted in Wade and discussed in Martinez, the court held the complaining witness' in-court identification would not be tainted by the lineup identification made while appellant was without counsel. Following the recommendation made in Martinez, the trial court set forth in its order the guiding criteria he used in applying the Wong Sun test. The court's findings are supported by the record.

■ The complaining witness had ample opportunity to observe the appellant and his companion prior to and during the course of the alleged robbery. His description of the appellant given to the police shortly after the assault while the appellant's appearance was fresh on his mind was specific and detailed and there is no showing of any serious discrepancy between such pre-lineup description and appellant's actual description. Further, there is no showing that Pilcher was shown photographs of the appellant or had failed to identify appellant on a prior occasion, or had identified someone other than the appellant and his companion as his assailants. The lapse of time between the alleged offense and lineup was approximately 55 hours. While the absence of counsel or an affirmative waiver thereof may have, in the trial court's opinion, flawed the confrontation, there is nothing to suggest the confrontation was suggestive. There was clear and convincing proof that the in-court identification was of an independent origin.

Ground of error #1 is overruled. See Martinez v. State, supra; Evans v. State, Tex.Cr.App., 444 S.W.2d 641; Lucas v. State, Tex.Cr.App., 444 S.W.2d 638.

1. " '[W]hether granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.' Maguire, Evidence of Guilt, 221 (1959)"

It is further noted that two witnesses who were not shown to have viewed a line-up identified appellant as one of the men who entered the taxicab prior to the robbery. Robert Goodspeed, a taxicab driver, who was parked behind Pilcher's vehicle at North Main and Exchange shortly after midnight on February 10, 1968, identified appellant as one of the men whom he saw enter Pilcher's cab. Johnny Shaw, the first passenger in Pilcher's cab at the time, also identified appellant as one of the men who got into the cab after he had and recalled appellant and his companion as they "both talked kind of funny, you know, 'hip-catishfied,' like they was—".

The appellant next contends the trial court erred in overruling his motion to strike certain reputation testimony and to instruct the jury to disregard the same. This contention is similar to one appellant's counsel unsuccessfully urged in Wilson v. State, Tex.Cr.App., 434 S.W.2d 873.

Without objection, Fort Worth Police Officer V. T. Sommers testified that appellant's general reputation in the community in which he resided for being a peaceful and law abiding citizen was bad. On cross-examination it was established that the officer was basing his opinion on the facts in the instant case and on appellant's "past record," and that he had not heard appellant's reputation discussed before February, 1968. After the appellant made the aforementioned motion the jury was retired and it was determined that Officer Sommers had discussed appellant's reputation with fellow officers following the date of the instant offense. The motion was overruled, the court finding that Sommers' testimony as to appellant's reputation was based on such discussions and not solely upon the robbery charge here involved. No error is presented. Wilson v. State, supra; Broadway v. State, Tex.Cr. App., 418 S.W.2d 679.

We adhere again, however, to the rule announced in Stephens v. State, 128 Tex. Cr.R. 311, 80 S.W.2d 980, that reputation at the time of trial should not be provable "when such reputation is based solely on the discussion of the alleged offense for which he is on trial."

Ground of error #2 is overruled.

The judgment is affirmed.