Jeff McNAIRY, Appellant,

v.

The STATE of Texas, Appellee.

No. 44152.

Court of Criminal Appeals of Texas.

Oct. 26, 1971.

Rehearing Denied Dec. 14, 1971.

Robert B. Maloney, Dallas, for appellant.

Henry Wade, Dist. Atty., James S. Moss, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

Rape is the offense; the punishment, fifty (50) years.

Appellant presents one ground of error on appeal. Appellant was indicted for rape by force, threats and fraud. We overrule his contention that the evidence is insufficient to sustain the conviction because the proof failed to show that the prosecutrix was threatened in such manner as to reasonably create a just fear of death or great bodily harm or that she made every reasonable effort to resist.

Appellant takes the position that for there to be rape by force, the prosecutrix, as a matter of law, must use every exertion in her power to resist the assault. This assertion fails to give full effect to Article 1184, Vernon's Ann.P.C. which requires force "such as might reasonably be supposed sufficient to overcome resistance, taking into consideration the relative strength of the parties and other circumstances of the case."

▮ The appellant and his co-principal, while brandishing knives, repeatedly threatened to kill the fifty-six year old prosecutrix. Threats can be considered by the jury in determining questions of sufficiency of force where rape is alleged. Whitaker v. State, Tex.Cr.App., 467 S.W.

2d 264 (1971); Brooks v. State, Tex.Cr. App., 466 S.W.2d 789 (1971); Broadway v. State, Tex.Cr.App., 418 S.W.2d 679 (1967). These threats were sufficient to warrant a finding by the jury that a reasonable fear of death or great bodily harm was created in the mind of the prosecutrix. Considering the circumstances, as provided by Article 1184, V.A.P.C., no further resistance by the prosecutrix was required.[1] Brooks v. State, *supra*; Harris v. State, Tex.Cr.App., 441 S.W.2d 189 (1969). The testimony of the prosecutrix was also sufficient to warrant the jury's conclusion that appellant had carnal knowledge of her without her consent. Hemphill v. State, Tex.Cr.App., 467 S.W.2d 412 (1971); Todd v. State, Tex.Cr.App., 466 S.W.2d 559 (1971); Perbetsky v. State, Tex.Cr. App., 429 S.W.2d 471 (1968).

The judgment is affirmed.

ROBERTS, J., not participating.

1. In Whitaker v. State, *supra*, 467 S.W. 2d at 266, this Court stated that it was "at a loss to understand just how much resistance a woman or girl who is being attacked is expected to use against a person who has threatened to shoot her with a gun to accomplish his purpose." We fail to distinguish other deadly weapons in this regard.