Raymond MANNING, Appellant,

v.

The STATE of Texas, Appellee.

No. 06-01-00013-CR.

Court of Appeals of Texas, Texarkana.

Submitted Oct. 28, 2003.

Decided Nov. 19, 2003.

Larry P. Urquhart, Moorman, Tate, Moorman, Urquhart & Haley, Brenham, for appellant.

Jorge L. Ortiz, Daniel W. Leedy, Asst. Dist. Attys., Bellville, Matthew William Paul, State Prosecuting Atty., Austin, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice ROSS.

Raymond Manning appeals his conviction of manslaughter. He was driving a truck and ran into another vehicle. A jury found him guilty and assessed punishment at ten years' imprisonment. In our original opinion in this case, we reversed his conviction and remanded for a new trial because we concluded the trial court had erred by admitting extensive testimony about a blood test that showed Manning was found with a metabolite of cocaine in his blood. The Texas Court of Criminal Appeals held that our conclusion was incorrect and that the evidence was admissi-ble, and reversed to this Court with directions to consider Manning's remaining points of error.

Manning first contended the evidence was legally insufficient to support his conviction. We concluded in our original opinion, even without the metabolite testimony, the evidence was legally sufficient. He also contended the trial court erred by overruling his request for an instruction to limit the jury's consideration of the evidence of the metabolite in his blood. In our original opinion, we found the court's denial of that request was not error. We will not now revisit our decision on those issues.

Manning also contends the trial court erred by admitting reputation testimony during the punishment hearing. Manning contends the court erred in allowing Lisa Schraeder, a community supervision officer, to testify as a reputation witness because: 1) she did not have substantial knowledge; 2) her knowledge of his reputation was not obtained before the date of the offense; 3) her testimony was based solely on knowledge of specific acts; and 4) the fact she did not discuss his reputation with anyone made her incompetent to testify as a reputation witness. In our original opinion, we found the admission of the testimony was error because the State failed to show the witness had the necessary familiarity with Manning's reputation to justify admission of her testimony, but we did not determine whether it was harmful error, because we had reversed on other grounds.

TEX.CODE CRIM. PROC. ANN. art. 37.07, § 3(a) (Vernon Supp.2004) permits the state and the defendant to offer evidence as to any matter the trial court deems relevant to sentencing, including the defendant's general reputation, his or her character, and opinions regarding her or his

character. The trial court's decision to admit or exclude evidence at the punishment phase is subject to review for an abuse of discretion. *See Mitchell v. State,* 931 S.W.2d 950, 953 (Tex.Crim.App.1996).

As we stated in our original opinion, the requirement that the witness at the penalty phase be substantially familiar with the defendant's reputation was removed by amendment to Tex.R.Crim. Evid. 405(a) in 1990 and was not revived in Tex.R. Evid. 405(a).

■ Still, because the basis for the reputation hearsay exception is the reliability of the synthesis of observations of the day-to-day activities of the accused, *Wagner v. State,* 687 S.W.2d 303, 313 (Tex.Crim.App. [Panel Op.] 1984) (op. on reh'g), a reputation witness must be familiar with the defendant's reputation in some community. While it is not necessary to ask specifically about the defendant's "reputation," *Adanandus v. State,* 866 S.W.2d 210, 226 (Tex. Crim.App.1993), the witness' testimony must be based on discussions with others concerning the defendant, or on hearing others discuss the defendant's reputation, not just on personal knowledge. *Turner v. State,* 805 S.W.2d 423, 429 (Tex.Crim.App. 1991).

■ It has been held that discussions with other police officers are sufficient to qualify a witness to testify regarding reputation. *See id.; Martin v. State,* 449 S.W.2d 257, 260 (Tex.Crim.App.1970). However, the testimony may not be based solely on the charged offense, the defendant's "rap sheet," or knowledge of specific acts. *See Mitchell v. State,* 524 S.W.2d 510, 512 (Tex.Crim.App.1975); *Davis v. State,* 831 S.W.2d 839, 844 (Tex.App.-Dallas 1992, pet. ref'd); *see also Wagner,* 687 S.W.2d at 313–14 (error to allow reputation testimony based on allegation of one specific act); *Frison v. State,* 473 S.W.2d 479, 485 (Tex.Crim.App.1971) (discussion

of offense not improper as basis as long as based on other discussions as well).

Before the State began its case-in-chief at the penalty phase, defense counsel objected outside the presence of the jury to the State's intention to call Schraeder as a reputation witness. On voir dire, Schraeder testified she was familiar with Manning's reputation in the community. On cross-examination, responding to Manning's question requesting to know the basis of her reputation testimony, Schraeder testified only as to her personal knowledge that Manning had appeared in court for his conditional bond hearing smelling of alcohol and with a blood alcohol concentration of .07, and that she had received reports from supervising personnel that, while he was on conditional bond, Manning tested positive twice for cocaine use. At the conclusion of questioning on voir dire, Manning objected to Schraeder as an opinion or reputation witness because there was insufficient predicate laid. This objection was overruled. Schraeder testified before the jury that Manning appeared at a bond hearing smelling of alcohol and, after the court overruled Manning's renewed objection, that Manning's reputation for being peaceful and law-abiding was bad.

■ Manning contends the court abused its discretion in allowing Schraeder's reputation testimony because the State failed to establish a proper predicate. Although Schraeder testified she was familiar with Manning's poor reputation for being a peaceful and law-abiding citizen, the cross-examination by Manning revealed this knowledge of reputation was based only on Schraeder's one personal observation and two reports of specific acts. Although the State argues Schraeder testified to discussions with the supervising personnel that faxed the test results, the record indicates

she received only facsimiles reporting the results of the urine analysis tests.

■ The test results are evidence of specific acts, and while it is not error to consider specific acts in determining the reputation of the accused, alone they cannot combine with personal knowledge to establish Schraeder's competence to testify as to Manning's reputation. There is no evidence Schraeder discussed Manning with anyone, official or civilian, within any community. Such a foundation is insufficient to establish the proper predicate. Manning's question was broad enough that Schraeder should have provided all the bases for her familiarity with Manning's reputation. The State failed to ask any questions on redirect examination that might have established the proper predicate if Schraeder had failed to provide a complete answer. The court, therefore, abused its discretion in allowing Schraeder to testify that Manning's reputation for being peaceable and law-abiding was bad.

We now turn to a harm analysis. In our review of nonconstitutional error, we are to disregard errors, defects, irregularities, or variances that do not affect substantial rights of the accused. TEX.R.APP. P. 44.2(b).[1] A "substantial right" is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. TEX.R.APP. P. 44.2(b); *King v. State,* 953 S.W.2d 266, 271 (Tex.Crim. App.1997). If, on the record as a whole, it appears the error "did not influence the jury, or had but a slight effect," we must conclude the error was not harmful and allow the conviction to stand. *Johnson v. State,* 967 S.W.2d 410, 417 (Tex.Crim.App. 1998).

■ In order to properly conduct a harm analysis under TEX.R.APP. P. 44.2(b), we conduct a harm analysis as a type of "other errors," and we must disregard the error unless it "affect[ed] [appellant's] substantial rights." TEX.R.APP. P. 44.2(b). For claims of nonconstitutional error, the Texas Court of Criminal Appeals has held that "a conviction should not be overturned unless, after examining the record as a whole, a court concludes that an error may have had 'substantial influence' on the outcome of the proceeding." *Burnett v. State,* 88 S.W.3d 633, 637 (Tex.Crim.App.2002). In other words, if we have "a grave doubt" the result was free from the substantial influence of the error, then we must reverse. *Id.* The court has explained that "grave doubt" means, "in the judge's mind, the matter is so evenly balanced that he feels himself in virtual equipoise as to the harmlessness of the error." *Id.* at 637–38, citing *O'Neal v. McAninch,* 513 U.S. 432, 435–36, 115 S.Ct. 992, 130 L.Ed.2d 947 (1995). Thus, "in cases of grave doubt as to harmlessness the petitioner must win." *Burnett,* 88 S.W.3d at 637.

■ In considering harm, we must review the entire record to determine whether the error had more than a slight influence on the verdict. *See King,* 953 S.W.2d at 271, citing *Kotteakos v. United States,* 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946); *Reeves v. State,* 969 S.W.2d 471, 491 (Tex.App.-Waco 1998, pet. ref'd). If we find the error had more than a slight influence on the verdict, we must conclude the error affected the defendant's substantial rights in such a way as to require a new trial. *Reeves,* 969 S.W.2d at 491. As explained above, if we have grave doubts about the error's effect on the outcome, we must remand. *Id.* Otherwise, we

---

**1.** *See Rodgers v. State,* 111 S.W.3d 236, 248 (Tex.App.-Texarkana 2003, no pet.), in which we concluded that erroneous admission of reputation testimony did not implicate constitutional guarantees, and thus must be analyzed under TEX.R.APP. P. 44.2(b).

should disregard the error. *Lopez v. State*, 990 S.W.2d 770, 778 (Tex.App.-Austin 1999, no pet.); *Reeves*, 969 S.W.2d at 491.

 In the context of alleged error at the punishment phase, under Rule 44.2(b), we therefore review the entire record to determine whether the error had more than a slight influence on the penalty assessed. If we find that it did, we must conclude the error affected the defendant's substantial rights in such a way as to require a new punishment hearing. Otherwise, we disregard the error. *Guerrero v. State*, No. 10–00–217–CR, —— S.W.3d ——, ——, 2003 WL 21815380, at *4 (Tex. App.-Waco July 23, 2003, no pet. h.); *Flores v. State*, 48 S.W.3d 397, 404–05 (Tex.App.-Waco 2001, pet. ref'd). We conclude from such review the error did not have more than a slight influence on the penalty the jury assessed in this case.

First, Schraeder did not testify in front of the jury as to all the specific acts she described on voir dire. Specifically, she told the jury Manning "had appeared in court with a smell of alcohol on his breath." She did not testify to the jury about the .07 blood alcohol concentration or about receiving reports he had tested positive for cocaine use. If Schraeder's testimony in front of the jury as a reputation witness had included all the specific acts she related on voir dire, the harm would have been more apparent. However, had the State qualified Schraeder to give her opinion as to Manning's character, not just his reputation, all these specific acts would have been admissible anyway as prior "bad acts" under TEX.CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1).[2]

Second, after Schraeder testified for the State, Manning's counsel essentially turned her into a witness for the defense. On cross-examination, defense counsel questioned her—and she testified at length—about the terms and conditions of community supervision and about the procedures involved in a revocation of community supervision. Although the jury did not recommend community supervision in its verdict, this was testimony in support of Manning's application for community supervision that he was able to get before the jury through the State's own witness.

Third, Schraeder was not the only witness the State called at the punishment hearing. The jury also heard from Janice Peterson, daughter of Katherine Bonner, the deceased victim, that her mother was a good person and is missed. The jury was also able to consider the evidence introduced at the guilt/innocence stage of trial.

Fourth, the State's focus in its closing argument was not on Schraeder's testimony, but on the evidence presented during the guilt/innocence phase showing that Manning had a cocaine metabolite in his blood during the accident and on the fact that Manning presented no witnesses on his behalf at the penalty phase. The State barely mentioned Schraeder's reputation testimony, and only talked about Manning's appearance at court with alcohol on his breath in response to defense counsel's argument about that matter.

Finally, although this case involved the tragic death of an innocent person, and the State asked for the maximum punishment of twenty years' imprisonment, the jury assessed only ten years' imprisonment. We recognize that Manning was eligible for community supervision and that the jury rejected his request for that leniency.

---

**2.** Opinion testimony is generally allowed at punishment by TEX.CODE CRIM. PROC. ANN. art.

37.07, § 3(a) (Vernon Supp.2004).

We cannot say, however, that the erroneous admission of Schraeder's reputation testimony made the difference in Manning not receiving community supervision.

In light of the entirety of this record and the testimony admitted before the jury, we do not have the requisite "grave doubt" that the error made by the court in admitting unsupported testimony that Manning had a bad reputation influenced the jury more than slightly. The contention of error is overruled.

We affirm the judgment.