In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00135-CV
______________________________


Â 
IN THE MATTER OF THE MARRIAGE OF JAVIER ZAMORA 
AND ELMA ZAMORA AND IN THE INTEREST OF 
MARICELA ZAMORA AND RACHAEL ZAMORA, MINOR CHILDREN
Â 
Â 


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 102nd Judicial District Court
Bowie County, Texas
Trial Court No. 04D1255-102


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Appellant, Javier Zamora, has presented this Court with a motion to withdraw his
notice of appeal and dismiss his pending appeal in this matter pursuant to Rule 42.1(a) of
the Rules of Appellate Procedure. See Tex. R. App. P. 42.1(a). The motion is signed by
the appellant, who is representing himself pro se. 
Â Â Â Â Â Â Â Â Â Â We grant the appellant's motion and dismiss the appeal. 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Donald R. Ross
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Date Submitted:Â Â Â Â Â Â January 11, 2006
Date Decided:Â Â Â Â Â Â Â Â Â January 12, 2006



riority="66" SemiHidden="false"
 UnhideWhenUsed="false" Name="Medium List 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No. 06-09-00098-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  GEORGE LESLIE SANDERS,
Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  V.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF TEXAS, Appellee

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On Appeal from the 196th
Judicial District Court

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Hunt County, Texas

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Trial
Court No. 25,023

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum Opinion by Chief Justice Morriss








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUM OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  On three
separate dates, George Leslie Sanders was caught on video selling
methamphetamine to a confidential informant.[1]Â  As a result, he pled guilty to two deliveries
of between one and four grams of methamphetamine, for which the jury assessed
twenty-nine yearsÂ imprisonment in the Texas Department of Criminal JusticeÂInstitutional
Division. Â Sanders also pled guilty to a
larger methamphetamine delivery, for which the jury assessed forty-nine yearsÂ
imprisonment and a $10,000.00 fine.[2]Â  

Â Â Â Â Â Â Â Â Â Â Â  On appeal,
Sanders complains he was denied due process when, without benefit of purity
testing, the StateÂs witness testified Sanders sold a more pure form of
methamphetamine called ÂICE.ÂÂ Â  Sanders
claims this statement was a knowingly false misrepresentation made merely to
inflame the jury.Â  He also alleges the
trial court abused its discretion in allowing the State to question him about
previous convictions used for enhancement during punishment because Âthe facts
of the case were more prejudicial than probative.ÂÂ  Finally, Sanders argues the trial court erred
in denying motions for mistrial after the State asked him about noncooperation
with the police in a case in which he was a victim.

Â Â Â Â Â Â Â Â Â Â Â  We conclude that (1) Sanders waived
his complaint regarding use of the term ÂICE,Â (2)Â the trial court did not
abuse its discretion in allowing evidence of SandersÂ prior retaliation
convictions, and (3) admitting the punishment-phase question and answer
regarding SandersÂ Ânon-cooperationÂ with police was not error.Â  Thus, we affirm the trial courtÂs judgments. 

(1)Â Â Â Â Â Â Â  Sanders Waived His Complaint Regarding
Use of the Term ÂICEÂ

Â 

Â Â Â Â Â Â Â Â Â Â Â  As a
prerequisite to presenting a complaint for our review, Sanders must have made a
complaint about the use of the term ÂICEÂ as false information to the trial
court by a timely request, objection, or motion.Â  Tex. R. App. P. 33.1.

Â Â Â Â Â Â Â Â Â Â Â  The record
reveals that the confidential informant and the investigator, Wesley Russell,
both testified Sanders sold ÂICE methamphetamine.ÂÂ  Russell explained that ICE was a big problem
in the community and that it was Âmuch more potent than the regular
methamphetamine.ÂÂ  Sanders did not object
to this testimony.Â  Instead, he pointed
out during cross-examination that no purity report was requested.Â  The motion for new trial also fails to
mention this point of error.Â  Since
Sanders failed to object and bring any alleged error to the trial courtÂs attention,
he has not preserved this issue for our review.[3]

(2)Â Â Â Â Â Â Â  The Trial Court Did Not Abuse Its Discretion in Allowing
Evidence of SandersÂ Prior Retaliation Convictions

Â 

Â Â Â Â Â Â Â Â Â Â Â  Sanders pled true to all enhancement
paragraphs.Â  Nevertheless, his counsel
called him to the stand to confirm that he had been convicted of retaliation
and that no weapon was used during Â the commission
of the crimes.Â  During cross-examination,
the State asked if the previous convictions were for retaliation against two
police officers.Â  Sanders objected that
Âto go behind the conviction itself is just totally inadmissible.ÂÂ Â  The State replied it had a right to discuss
the basic facts of the case to demonstrate SandersÂ Ânature and his credibility
as a witness.ÂÂ  The court overruled
SandersÂ objection. 

Â Â Â Â Â Â Â Â Â Â Â  The trial
courtÂs decision to admit or exclude evidence at the punishment phase is
subject to review for an abuse of discretion.Â 
Manning v. State, 126 S.W.3d
552, 555 (Tex. App.ÂTexarkana 2003, no pet.)
(citing Mitchell v. State, 931
S.W.2d 950, 953 (Tex. Crim. App. 1996)). 

Regardless
of the plea and whether the punishment be assessed by the judge or the jury,
evidence may be offered by the state and the defendant as to any matter the
court deems relevant to sentencing, including but not limited to the prior
criminal record of the defendant, his general reputation, his character, an
opinion regarding his character, the circumstances of the offense for which he
is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence,
any other evidence of an extraneous crime or bad act that is shown beyond a
reasonable doubt by evidence to have been committed by the defendant or for
which he could be held criminally responsible, regardless of whether he has
previously been charged with or finally convicted of the crime or act.

Â 

Tex. Code Crim. Proc.
Ann. art. 37.07, Â§ 3 (Vernon Supp. 2009).

Â 

Â Â Â Â Â Â Â Â Â Â Â  Since
revision of Article 37.07 of the Texas Code of Criminal Procedure, this Court
has held that introduction of details and facts pertaining to prior convictions
is permissible in Texas.Â  Hambrick v. State, 11 S.W.3d 241, 243
(Tex. App.ÂTexarkana 1999, no pet.) (citing Davis
v. State, 968 S.W.2d 368, 373 (Tex. Crim. App. 1998)).Â  Specifically, if the State seeks Âto go
behind the conviction with details about the prior offense, the evidence is
admissible.ÂÂ  Id. Â Thus, the trial court
did not abuse its discretion in allowing the State to question Sanders about
his prior retaliation convictions.[4]


Â Â Â Â Â Â Â Â Â Â Â  For the first time, Sanders raises
the contention that the facts are more prejudicial than probative.Â  This contention was not raised in objections
during trial or in the motion for new trial.Â 
Sanders did not preserve this point of error, and we decline to address
it. 

Â Â Â Â Â Â Â Â Â Â Â  We overrule
this point of error. 

Â 

(3)Â Â Â Â Â Â Â  Admitting the Punishment-Phase Question
and Answer Regarding SandersÂ ÂNon-CooperationÂ with Police Was Not Error

Â 

Â Â Â Â Â Â Â Â Â Â Â  While Sanders was on the stand,
the State began questioning him about the murder of his friend in which he was
also shot.Â  Sanders twice objected to the
StateÂs initial questions referring to the incident and unsuccessfully moved
for a mistrial.Â  After a discussion off
the record, the State established without objection that Sanders refused to
cooperate with the police investigation by refusing to give an affidavit.[5]Â Â  Sanders complains the trial court erred in
failing to grant a mistrial. 

Â Â Â Â Â Â Â Â Â Â Â  We review a
trial courtÂs ruling on a motion for mistrial for an abuse of discretion.Â  Towery
v. State, 262 S.W.3d 586, 598 (Tex. App.ÂTexarkana 2008, pet. refÂd)
(citing Archie v. State, 221 S.W.3d
695, 699 (Tex. Crim. App. 2007)).Â 
Mistrial is an appropriate remedy only when objectionable events Âare so
emotionally inflammatory that curative instructions are not likely to prevent
the jury from becoming unfairly prejudiced against the defendant.ÂÂ  Hines
v. State, 269 S.W.3d 209, 215 (Tex. App.ÂTexarkana 2008, pet. refÂd,
untimely filed; pet. refÂd [2Â pets.]) (quoting Young v. State, 137 S.W.3d 65, 71 (Tex. Crim. App. 2004)).Â  

Â Â Â Â Â Â Â Â Â Â Â  After
Sanders explained he was the victim in a shooting, the trial court conducted an
off- the-record discussion.Â  When back on
the record, SandersÂ counsel objected that the Âline of questioningÂ was
irrelevant and immaterial.Â  The trial
court overruled the objection and denied the first motion for mistrial.Â  SandersÂ general objection to the StateÂs
line of questioning as irrelevant was properly denied.Â  The court could have decided that the State
sought to introduce evidence of SandersÂ character and attitude of
noncooperation and retaliation toward police.Â 
See Tex. Code Crim. Proc. Ann. art. 37.07.Â  Moreover, the only statement made by Sanders
at the point of objection established he was a victim of a crime.Â  Counsel does not explain how this information
could unfairly prejudice the jury against Sanders, rather than cause it to
sympathize with him.Â  

Â Â Â Â Â Â Â Â Â Â Â  The State
next asked Sanders if he Ârefused to cooperate and give testimony regarding the
murder of Bruce Wetstone.ÂÂ  Sanders
replied, ÂNo, maÂam.ÂÂ  SandersÂ counsel
objected and asked the court to instruct the jury to disregard the question and
answer.Â  The trial court granted his
request, but denied a motion for a mistrial. 

Â Â Â Â Â Â Â Â Â Â Â  When
evaluating the effectiveness of a curative instruction to disregard, we look to
Âthe nature of the [improper comment]; the persistence of the prosecutor; the
flagrancy of the violation; the particular instruction given; the weight of the
incriminating evidence; and the harm to the accused as measured by the severity
of the sentence.Â Â Searcy v. State, 231 S.W.3d 539, 549 n.10 (Tex. App.ÂTexarkana
2007, pet. refÂd) (quoting Roberson v.
State, 100 S.W.3d 36, 41 (Tex. App.ÂWaco 2002, pet. refÂd)).

Â Â Â Â Â Â Â Â Â Â Â  The court
instructed the jury to disregard Âthe last question and response,Â an
instruction we presume the jury followed.Â 
Ladd v. State, 3 S.W.3d 547,
567 (Tex. Crim. App. 1999); Drake v.
State, 123 S.W.3d 596, 604 (Tex. App.ÂHouston [14th Dist.] 2003, pet. refÂd).Â  We do not find this question to be inoculated
with such prejudice that the courtÂs instruction to disregard it would be
ineffectual.Â  Moreover, Sanders fails to
explain how his responseÂthat he did not refuse to cooperate with the murder
investigationÂwould prejudice the jury against him.Â  Finally, the jury sentenced Sanders to
approximately one-half of the available punishment range for the larger
methamphetamine delivery, and approximately one-third of the available range
for the two smaller deliveries.

Â Â Â Â Â Â Â Â Â Â Â  Given the
facts of this case, we conclude the trial court did not abuse its discretion in
failing to grant SandersÂ motions for the Âextreme remedyÂ of mistrial.Â  Lollis
v. State, 232 S.W.3d 803, 810Â11 (Tex. App.ÂTexarkana 2007, pet.
refÂd).Â  This point of error is
overruled.Â  

Â Â Â Â Â Â Â Â Â Â Â  We
affirm the judgment of the trial court.Â  

Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Josh
R. Morriss, III

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Date
Submitted:Â Â Â Â Â Â Â Â Â  February 24, 2010Â Â Â Â Â Â  

Date
Decided:Â Â Â Â Â Â Â Â Â Â Â Â  February 26, 2010

Â 

Do
Not Publish











[1]Sanders
appeals from this cause number and judgments entered in cause numbers
06-09-00099-CR and 06-09-00100-CR.Â  The
other two cases are the subjects of other opinions issued this date.

Â 





[2]The
larger delivery was in an amount of four or more grams but less than 200 grams
of methamphetamine. 





[3]Sanders
claims in his brief he was denied due process because the statements from
Russell were knowingly false.Â  We point
out that RussellÂs statements were based on his training to identify
ÂICE.ÂÂ  The fact that no purity testing
was conducted on the methamphetamine does not demonstrate RussellÂs statements
were knowingly false. 





[4]Because
the facts of SandersÂ retaliation convictions were admissible, the trial court
did not err in denying SandersÂ repeated motions for mistrial on this
basis.Â  





[5]SandersÂ
brief alleges the State incorrectly asserted he committed a drug-related
murder.Â  The record establishes
otherwise.Â  Sanders also claims the
StateÂs questions Âwere false statements knowingly presented to the jury.ÂÂ  The StateÂs questions, most of which were not
objected to, could not constitute knowing misrepresentations of fact as alleged
by Sanders in his brief.Â